FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2014 APR -3 P 4: 14

CLERK'S OFFICE
AT BALTIMORE

BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RAAJ RAFE,    *

v.    * CIVIL ACTION NO. JKB-14-461

MAYOR MARTIN O'MALLEY, et al.,    *

\*\*\*\*\*\*

## MEMORANDUM OPINION

On February 14, 2014, Raaj Rafe filed the instant petition for writ of habeas corpus challenging his confinement in the Baltimore City Detention Center. ECF No. 1. Petitioner was directed to supplement his petition regarding the status of his criminal proceedings or any post-judgment state review of same. ECF No. 3. The court is in receipt of petitioner's supplement and additional filings. ECF Nos. 4 and 5. For the reasons that follow, the petition will be denied without prejudice as unexhausted.[1]

Principally, petitioner's additional filings do not comply with the directives of the court regarding supplementation. Petitioner maintains that he has been kidnapped by the state and illegally confined but provides no information in support of his claim. Maryland Case Judiciary Research indicates that petitioner has been charged with illegal possession of a handgun and trespass in the Circuit Court for Baltimore City. His trial is scheduled for August 12, 2014.[2]

Pretrial federal habeas relief is available under 28 U.S.C. §2241 if the petitioner is in custody, has exhausted state court remedies, and special circumstances exist that justify intervention by the federal court. *See Dickerson v. Louisiana*, 816 F. 2d 220, 224– 26 (5th Cir. 1987). Exhaustion is established where both the operative facts and controlling legal principles

---

[1] Petitioner's motion for leave to proceed in forma pauperis (ECF No. 2) shall be granted. Petitioner's motion for immediate release (ECF No. 5) shall be denied.

[2] *See* Maryland Case Judiciary Research at http://casesearch.courts.state.md.us/inquiry/inquiry-index.jsp

of each claim have been fairly presented to the state courts. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted). In the pretrial context, federal courts must abstain from exercising jurisdiction over a claim that may be resolved through trial of the merits or by other state procedures available for review of the claim. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973).

Special circumstances justifying this court's intervention do not exist where there are procedures in place to protect petitioner's constitutional rights. *See Moore v. DeYoung*, 515 F. 2d 437, 449 (3d Cir. 1975) (assertion of appropriate defense at trial forecloses pretrial federal habeas relief); *Drayton v. Hayes*, 589 F. 2d 117, 120-21 (2d Cir. 1979) (double jeopardy claim justified pretrial federal habeas intervention because constitutional right claimed would be violated if petitioner went to trial); *see also Younger v. Harris*, 401 U.S. 37 (1971). The alleged errors raised by petitioner in the instant case may be addressed by the trial court. Thus, the petition must be dismissed without prejudice.

A separate order follows.

_____April 3, 2014_____        _____/s/ James K. Bredar_____
Date                                         James K. Bredar
                                                   United States District Judge